UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
TARYN SINGER, individually and on behalf of :
all others similarly situated, :
                Plaintiff, : **OPINION AND ORDER**
:
v. : 17 CV 2507 (VB)
:
AMERICAN EXPRESS CENTURION BANK, :
                Defendant. :
--------------------------------------------------------------x

Briccetti, J.:

    Plaintiff Taryn Singer brings this action, on behalf of herself and members of a putative class, against defendant American Express Centurion Bank ("American Express") alleging violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1600, et seq., its implementing regulation, Regulation Z ("Regulation Z"), 12 C.F.R. § 1026, and two Utah consumer protection statutes, the Utah Consumer Sales Practices Act ("UCSPA"), Utah Code Ann. § 13-11-1, et seq., and the Utah Truth in Advertising Act ("UTIAA"), Utah Code Ann. § 13-11a-1, et seq.

    Now pending is American Express's motion to dismiss the second amended complaint ("SAC") in part, pursuant to Rule 12(b)(6). (Doc. #32).

    For the reasons set forth below, the motion is GRANTED.

    The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

## BACKGROUND

    For the purpose of deciding the motion to dismiss, the Court accepts as true all well-pleaded factual allegations in the SAC and draws all reasonable inferences in plaintiff's favor, as summarized below.

    Plaintiff had an American Express "Blue Cash Preferred" credit card, which she used for household purposes. (SAC ¶ 17). According to plaintiff, American Express provided

1

"disclosures with inaccuracies or omissions" to cardholders. (SAC ¶ 1). Plaintiff challenges disclosures provided in connection with her Blue Cash Preferred card's annual membership fee, late payment warning, and annual account renewal notice.

When plaintiff acquired the credit card in November 2015, American Express disclosed there was a $75.00 membership fee. Plaintiff alleges that although the membership fee was represented as an annual fee, it was in fact prorated on a post hoc, monthly basis, such that plaintiff would have been refunded part of her membership fee had she terminated her account before the annual membership concluded. According to plaintiff, as of no later than June 2016, American Express amended its cardholder agreement making such membership fees nonrefundable.

One of the disclosures included in plaintiff's April 2016 American Express billing statement was a late payment warning. The late payment warning stated that if plaintiff failed to make a minimum payment by the due date, the annual percentage rate ("APR") on her purchases would increase. Plaintiff alleges the terms of her Blue Cash Preferred card were such that if she failed to make a minimum payment by the due date, the APR for her cash advance balances would have increased as well. However, the billing statement did not mention the APR for cash advances or cash advance balances.

One of the disclosures included in plaintiff's October 2016 American Express billing statement indicated, "Your membership will be renewed next month." (American Express Br. Ex. A at 3). According to plaintiff, the renewal disclosure appeared only on page seven of her twelve-page billing statement, and she did not see it. However, the renewal disclosure actually appeared on pages three, seven, and eight of the billing statement. (American Express Br. Ex. A at 3, 7, 8). The renewal disclosure stated that plaintiff would be charged an annual membership

fee. Plaintiff alleges the renewal notice did not identify the measures plaintiff should take to avoid the fee, or the time by which plaintiff had to act to avoid the fee.

## DISCUSSION

I.  Standard of Review

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). First, plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." Id. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

In considering a motion to dismiss, "a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010). The court may nevertheless consider a document not incorporated by reference if the complaint "'relies heavily upon its terms and effect,' thereby rendering the document 'integral'

3

to the complaint." Id. (quoting Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006)). However, "it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document." DiFolco v. MSNBC Cable L.L.C., 622 F.3d at 111 (quoting Faulkner v. Beer, 463 F.3d 130, 134 (2d Cir. 2006)). "It must also be clear that there exist no material disputed issues of fact regarding the relevance of the document." DiFolco v. MSNBC Cable L.L.C., 622 F.3d at 111 (quoting Faulkner v. Beer, 463 F.3d at 134).[1]

II. TILA Violations

American Express argues neither (i) the account renewal disclosure in plaintiff's October 2016 billing statement, nor (ii) the annual membership fee disclosure in plaintiff's cardmember agreement and October 2016 billing statement violated TILA or Regulation Z.[2]

The Court agrees.

Congress enacted TILA to promote the "informed use of credit" by consumers. 15 U.S.C. § 1601(a). In so doing, Congress sought to assure "a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available . . . and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." Id.

To implement TILA, the Board of Governors of the Federal Reserve enacted Regulation Z. Subsequently, authority to issue regulations pursuant to TILA was transferred to the Consumer Financial Protection Bureau ("CFPB").

---

[1] Here, the Court consults plaintiff's cardholder agreement and monthly statements, "because they are integral to [plaintiff's] claims and [she] had notice of that information." Schnall v. Marine Midland Bank, 225 F.3d 263, 266 (2d Cir. 2000).

[2] American Express did not move to dismiss plaintiff's TILA claim regarding the late payment warning in her April 2016 billing statement. Accordingly, that claim is proceeding.

4

A.      Account Renewal Disclosure

American Express argues neither the placement nor the content of the account renewal disclosure in plaintiff's October 2016 billing statement violated TILA or Regulation Z.

The Court agrees.

1.      Placement of the Account Renewal Disclosure

TILA requires "clear and conspicuous disclosure[s]" prior to credit card account renewal. 15 U.S.C. § 1637(d)(1). Regulation Z provides that disclosures "upon renewal of credit or charge cards . . . may be made on or with a periodic statement. If any of the disclosures are provided on the back of a periodic statement, the card issuer shall include a reference to those disclosures on the front of the statement." 12 C.F.R. § 1026.9(e)(2).

Here, consistent with Regulation Z, American Express disclosed plaintiff's account renewal in her October 2016 periodic statement. The twelve-page statement included disclosures regarding account renewal on pages three, seven, and eight. The top of page three stated, "Your account will be renewed next month. Please refer to the Renewal Notice on Page 7." (American Express Br. Ex. A at 3). Page seven included more details, under the bold heading, "Renewal Notice," and instructed "[c]ontinued on the reverse." (Id. at 7). Page eight provided APR information under the bold heading "Renewal Notice continued." (Id. at 8).

Plaintiff argues this disclosure was deficient under Regulation Z because "the plain meaning of 'the front of the statement' is the first page of the billing statement." (Opp'n at 8).

Statutory enactments should be read so as "to give effect, if possible, to every clause and word of a statute." Duncan v. Walker, 533 U.S. 167, 174 (2001). Although the provision of Regulation Z at issue requires disclosure on the "front of the statement," there are other provisions of Regulation Z requiring disclosures "on the front of the <u>first page</u> of the periodic

5

statement." 12 C.F.R. § 1026.7(b)(13) (emphasis added) ("The due date required by paragraph (b)(11) of this section shall be disclosed on the front of the first page of the periodic statement."); see also 12 C.F.R. § 1026.9(c)(iv)(D)(3) ("The summary of changes required to be in a table pursuant to paragraph (c)(2)(iv)(A)(1) of this section may be on more than one page . . . so long as the table begins on the front of the first page of the notice."). Plaintiff's interpretation would render superfluous references to the "first page," which appear elsewhere in Regulation Z.

In addition, plaintiff's interpretation is inconsistent with the CFPB's official interpretation of Regulation Z, which states that renewal disclosures "must be clear and conspicuous, but need not appear . . . in a prominent location." 12 C.F.R. § 1026, Supp. I, Part 1, Comment 9(e)-2.

As such, the Court declines to adopt plaintiff's interpretation of Regulation Z.

Accordingly, plaintiff fails to state a claim with regard to American Express's placement of the October 2016 account renewal disclosure.

2. Content of the Account Renewal Disclosure

TILA requires "clear and conspicuous disclosure of . . . the date by which, the month by which, or the billing period at the close of which, the account will expire if not renewed"; and "the method by which the consumer may terminate continued credit availability under the account." 15 U.S.C. §§ 1637(d)(1)(A), (C). Regulation Z requires renewal disclosures for cards that impose "any annual or other periodic fee" to contain "the disclosures contained in § 1026.60(b)(1) through (b)(7) that would apply if the account were renewed." 12 C.F.R. § 1026.9(e)(1)(i). Relevant here is Section 1026.60(b)(2)(i), which requires disclosing "[a]ny

annual or other periodic fee that may be imposed for the issuance or availability of a credit or charge card, including any fee based on account activity or inactivity; how frequently it will be imposed; and the annualized amount of the fee." In addition, under Regulation Z renewal disclosures must include information regarding, "[h]ow and when the cardholder may terminate credit availability under the account to avoid paying the renewal fee, if applicable." 12 C.F.R. § 1026.9(e)(1)(ii).

Here, under the bold heading "Renewal Notice," plaintiff's October 2016 billing statement included the following disclosure, "Your account renews next month . . . The annual membership fee for your Account is $75.00. When you receive the statement in which the annual fee is billed, you can avoid paying the annual fee by calling the Customer Care phone number on Page 2 to cancel your Account." (American Express Br. Ex. A at 7).

This disclosure satisfies the requirements of Section 1026.9(e)(1)(i) by providing notice of a $75 annual fee. This disclosure also satisfies the requirements of Section 1026.9(e)(1)(ii) by providing notice of how to and when to cancel the account and avoid paying the annual fee.

The Court is unpersuaded by plaintiff's argument that the renewal disclosure failed to comply with the CFPB's official interpretation of Regulation Z, which requires creditors to "clearly disclose the time by which the cardholder must act to terminate the account to avoid paying a renewal fee." 12 C.F.R. § 1026, Supp. I, Part 1, Comment 9(e)-6. The renewal disclosure instructed plaintiff to call the customer care number when she received "the statement in which the annual fee is billed" (American Express Br. Ex. A at 7), thereby clearly disclosing a time by which to act.

Accordingly, plaintiff fails to state a claim with regard to the content of American Express's October 2016 renewal disclosure.

B.  Annual Membership Fee Disclosure

American Express argues its annual membership fee disclosure complied with TILA and Regulation Z.

The Court agrees.

Before a prospective cardmember opens a credit card account, TILA requires that, "the creditor shall disclose to the person to whom credit is to be extended . . . [i]dentification of other charges which may be imposed as part of the plan, and their method of computation, in accordance with regulations of the Bureau [of Consumer Financial Protection]." 15 U.S.C. § 1637(a)(5). In turn, under Regulation Z, a creditor shall disclose "[a]ny annual or other periodic fee that may be imposed for the issuance or availability of an open-end plan, including any fee based on account activity or inactivity; how frequently it will be imposed; and the annualized amount of the fee." 12 C.F.R. § 1026.6(b)(2)(ii)(A).

Here, plaintiff's cardmember agreement satisfied the account opening requirements of TILA and Regulation Z by disclosing that plaintiff would be assessed an annual fee, and the annualized amount of the fee. (American Express Br. Ex. B at 1).

Further, as set forth above, the Court finds that the disclosures in plaintiff's October 2016 billing statement satisfied the annual fee disclosure requirements applicable upon renewal of a credit card.

Plaintiff argues American Express was required to provide more information regarding its annual fee, because "the regulations do not actually countenance the disclosure of [American Express's] monthly accruing membership, charged 12 months in advance, in such a simplistic manner." (Opp'n at 7). The SAC acknowledges that the annual fee was "debited once a year" (SAC ¶ 33), not charged monthly or on an accruing basis. Plaintiff cites no statutory or

regulatory text, and the Court has found none, that would require American Express to disclose the possibility that upon early cancellation, a cardmember might receive a pro-rated refund of a previously-imposed annual fee. TILA's "purpose is to require meaningful disclosure, not more disclosure." Turner v. Gen. Motors Acceptance Corp., 180 F.3d 451, 457 (2d Cir. 1999). As such, the Court will not read into the statute the necessity for particularized disclosure beyond what the plain language of the statute requires.

Accordingly, plaintiff fails to state a claim with regard to American Express's annual fee disclosure.

III. Utah Consumer Protection Law Violations[3]

Plaintiff further asserts American Express's communications with her violated the UCSPA and the UTIAA.

American Express argues plaintiff fails to state a claim under either statute.

The Court agrees.

A. UCSPA

With respect to the UCSPA, plaintiff alleges American Express made deceptive "omissions and/or representations in billing statements, or in other account renewal materials" about the annual membership fee associated with plaintiff's account. (SAC ¶ 81).

The UCSPA generally "prohibits deceptive or unconscionable acts or practices by a supplier in connection with a consumer transaction." Wade v. Jobe, 818 P.2d 1006, 1013–14 (Utah 1991). "[T]he plain language of the UCSPA specifically identifies intentional or knowing behavior as an element of a deceptive act or practice." Martinez v. Best Buy Co., 283 P.3d 521, 523 (Utah Ct. App. 2012); see also Utah Code Ann. § 13-11-4(2). Allegations of intent under

---

[3] According to the SAC, American Express has its corporate headquarters in Utah.

the UCSPA must be pleaded with particularity as required by Rule 9(b). See Goodwin v. Hole No. 4, 2006 WL 3327990, at *7 (D. Utah Nov. 15, 2006).

Here, plaintiff's conclusory allegation that American Express "knowingly or intentionally characterized its fee for availability of credit . . . as a generally nonrefundable annual fee" is insufficient to support a claim that American Express acted with intent to deceive. (SAC ¶ 80).

Accordingly, plaintiff's UCSPA claim is dismissed.

B.      UTIAA

With respect to the UTIAA, plaintiff alleges the "written communications" and "other mailings" she received from American Express constitute advertisements within the meaning of the statute. (SAC ¶ 79).

The purpose of the UTIAA "is to prevent deceptive, misleading, and false advertising practices and forms in Utah. This chapter is to be construed to accomplish that purpose and not to prohibit any particular form of advertising so long as it is truthful and not otherwise misleading or deceptive." Utah Code Ann. § 13-11a-1 (emphasis added). "[T]he phrase 'in Utah' clearly illustrates the Legislature's intent for the Act to be construed to apply to advertisements that originate in Utah and target consumers in Utah, and to advertisements that originate outside of Utah, but that target consumers in Utah." Vivint, Inc. v. Alarm Prot., LLC, 2016 WL 146454, at *3 (D. Utah Jan. 12, 2016).

Plaintiff is a resident of Rockland County in New York State and does not allege she or anyone else received American Express's "written communications" and "other mailings" in Utah. (SAC ¶ 79).

Accordingly, plaintiff's UTIAA claim is dismissed.

IV.     Leave to Amend

Plaintiff seeks leave to file a third amended complaint.

Rule 15(a)(2) instructs that courts "should freely give leave" to amend a complaint "when justice so requires." A district court may deny leave for "good reason" such as futility, bad faith, undue delay, or undue prejudice to the opposing party, but "outright refusal to grant the leave without any justifying reason for the denial is an abuse of discretion." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200-01 (2d Cir. 2007). Amendment is futile when the proposed amended complaint could not withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6). See Milanese v. Rust-Oleum Corp., 244 F.3d 104, 110 (2d Cir. 2001); see also Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)) (establishing plausibility framework for evaluating a motion to dismiss).

Here plaintiff, who is represented by counsel, has already been given ample opportunity to amend – in fact, she has already amended her complaint twice. Plaintiff's original complaint was filed on April 6, 2017. (Doc. #1). American Express answered the complaint on June 26, 2017. (Doc. #12). In accordance with Rule 15(a)(1)(B), plaintiff filed an amended complaint within twenty-one days of service of American Express's answer. (Doc. #17). On August 23, 2017, American Express moved to dismiss the amended complaint. (Doc. #20). In response, the Court sua sponte granted plaintiff leave to file a second amended complaint. (Doc. #22). On September 14, 2017, plaintiff filed the SAC, which is the subject of the instant motion. (Doc. #25). Despite having been given the opportunity to amend after American Express's first motion to dismiss, plaintiff failed to cure the deficiencies identified by American Express in its original motion to dismiss briefing. As a result, the Court concludes further amendment would be futile.

Accordingly, plaintiff's application for leave to file a third amended complaint is denied.

## CONCLUSION

The partial motion to dismiss is GRANTED.

American Express shall file its answer to the second amended complaint by May 22, 2018.

The Court will schedule an initial conference by separate order.

The Clerk is instructed to terminate the motion. (Doc. #32).

Dated: May 8, 2018
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge