**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x

TARYN SINGER, individually and on behalf of all
others similarly situated.

              Plaintiff,

     -against-

AMERICAN EXPRESS CENTURION BANK,

              Defendant.

------------------------------------------------------------ x

)
)
)
)
)
)
)
)
)
)
)
)

Case No. 7:17-cv-02507-VB

### ANSWER OF DEFENDANT AMERICAN EXPRESS NATIONAL BANK TO SECOND AMENDED COMPLAINT

Defendant American Express National Bank ("American Express") f/k/a American Express Centurion Bank,[1] hereby answers the Second Amended Complaint, dated September 14, 2017, filed by plaintiff Taryn Singer ("Plaintiff") as follows:

### COMPLAINT

1.  Answering Paragraph 1 of the Second Amended Complaint, American Express admits that Plaintiff purports to bring this action for violations of the Truth in Lending Act ("TILA") and state consumer protection ("UDAP") statutes, but denies that it violated TILA or any UDAP statutes and that Plaintiff, or anyone she purports to represent, is entitled to any relief whatsoever from American Express. American Express further states that Paragraph 1 contains allegations related to claims that were dismissed by this Court's May 9, 2018 Order and to which no response is required. Except as expressly admitted, American Express denies the remaining allegations contained therein.

2.  Answering Paragraph 2 of the Second Amended Complaint, American Express denies the allegations contained therein.

---

[1] On April 1, 2018 American Express Centurion Bank changed its name to American Express National Bank. See https://www.occ.gov/topics/licensing/interpretations-and-actions/2018/ca1189.pdf; see also 12 U.S.C. § 35; 12 C.F.R. § 5.24.

3.      Answering Paragraph 3 of the Second Amended Complaint, American Express states that TILA and case law interpreting the same speak for themselves and American Express denies any allegations that are inconsistent therewith.  American Express further states that Paragraph 3 calls for a legal conclusion to which no response is required.  To the extent a further response is required, American Express denies the allegations contained therein.

4.      Answering Paragraph 4 of the Second Amended Complaint, American Express denies the allegations contained therein.

5.      Answering Paragraph 5 of the Second Amended Complaint, American Express states that this paragraph contains allegations related to claims that were dismissed by this Court's May 9, 2018 Order and to which no response is required.

6.      Answering Paragraph 6 of the Second Amended Complaint, American Express denies the allegations contained therein.

7.      Answering Paragraph 7 of the Second Amended Complaint, American Express denies the allegations contained therein.

8.      Answering Paragraph 8 of the Second Amended Complaint, American Express denies any liability to Plaintiff, or anyone she purports to represent, and denies that Plaintiff, or anyone she purports to represent, is entitled to statutory damages pursuant to TILA, or any relief whatsoever from American Express.

9.      Answering Paragraph 9 of the Second Amended Complaint, American Express states that this paragraph contains allegations related to claims that were dismissed by this Court's May 9, 2018 Order and to which no response is required.

## JURISDICTION AND VENUE

10.      Answering Paragraph 10 of the Second Amended Complaint, for purposes of this action only, American Express does not challenge subject matter jurisdiction with respect to Plaintiff's remaining claim for alleged violations of TILA, but denies any liability to Plaintiff, or anyone she purports to represent, and denies that Plaintiff, or anyone she purports to represent, is entitled to any relief whatsoever from American Express.

LA 52175160

11.     Answering Paragraph 11 of the Second Amended Complaint, for purposes of this action only, American Express does not challenge subject matter jurisdiction with respect to Plaintiff's remaining claim for alleged violations of TILA, but denies any liability to Plaintiff, or anyone she purports to represent, and denies that Plaintiff, or anyone she purports to represent, is entitled to any relief whatsoever from American Express.

12.     Answering Paragraph 12 of the Second Amended Complaint, for purposes of this action only, American Express does not challenge venue with respect to Plaintiff's claim for alleged violations of TILA, but denies any liability to Plaintiff, or anyone she purports to represent, and denies that Plaintiff, or anyone she purports to represent, is entitled to any relief whatsoever from American Express.

## PARTIES

13.     Answering Paragraph 13 of the Second Amended Complaint, American Express admits, based on information and belief, the allegations contained therein.

14.     Answering Paragraph 14 of the Second Amended Complaint, American Express states that this paragraph contains a legal conclusion to which no response is required.  American Express further states that TILA and case law interpreting the same speak for themselves and American Express denies any allegations that are inconsistent therewith.  American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14 and, on that basis, denies the allegations contained therein.

15.     Answering Paragraph 15 of the Second Amended Complaint, American Express admits that it is a national bank with its principal place of business in Utah.  Except as expressly admitted, American Express denies the allegations contained in Paragraph 15.

16.     Answering Paragraph 16 of the Second Amended Complaint, American Express admits the allegations contained therein.

## **FACTUAL ALLEGATIONS**

17.     Answering Paragraph 17 of the Second Amended Complaint, American Express admits that Plaintiff has a Blue Cash Preferred account with American Express.  Except as expressly admitted, American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the remaining allegations contained therein.

18.     Answering Paragraph 18 of the Second Amended Complaint, American Express states that Exhibit A to Plaintiff's Second Amended Complaint speaks for itself and denies any allegations that are inconsistent therewith.

19.     Answering Paragraph 19 of the Second Amended Complaint, American Express states that Exhibit B to Plaintiff's Second Amended Complaint speaks for itself and denies any allegations that are inconsistent therewith.

20.     Answering Paragraph 20 of the Second Amended Complaint, American Express states that Exhibit B to Plaintiff's Second Amended Complaint speaks for itself and denies any allegations that are inconsistent therewith.

21.     Answering Paragraph 21 of the Second Amended Complaint, American Express states that Exhibit B to Plaintiff's Second Amended Complaint speaks for itself and denies any allegations that are inconsistent therewith.

22.     Answering Paragraph 22 of the Second Amended Complaint, American Express denies the allegations contained therein.

23.     Answering Paragraph 23 of the Second Amended Complaint, American Express denies the allegations contained therein.

24.     Answering Paragraph 24 of the Second Amended Complaint, American Express states that this paragraph contains allegations related to claims that were dismissed by this Court's May 9, 2018 Order and to which no response is required.

LA 52175160

25.     Answering Paragraph 25 of the Second Amended Complaint, American Express states that this paragraph contains allegations related to claims that were dismissed by this Court's May 9, 2018 Order and to which no response is required.

26.     Answering Paragraph 26 of the Second Amended Complaint, American Express states that this paragraph contains allegations related to claims that were dismissed by this Court's May 9, 2018 Order and to which no response is required.

27.     Answering Paragraph 27 of the Second Amended Complaint, American Express states that this paragraph contains allegations related to claims that were dismissed by this Court's May 9, 2018 Order and to which no response is required.

28.     Answering Paragraph 28 of the Second Amended Complaint, American Express states that this paragraph contains allegations related to claims that were dismissed by this Court's May 9, 2018 Order and to which no response is required.

29.     Answering Paragraph 29 of the Second Amended Complaint, American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

## CLASS ALLEGATIONS

30.     Answering Paragraph 30 of the Second Amended Complaint, American Express admits that Plaintiff purports to bring this as a putative class action for alleged violations of TILA but denies that class treatment is appropriate in this action.

31.     Answering Paragraph 31 of the Second Amended Complaint, American Express admits that Plaintiff purports to bring this as a putative class action for alleged violations of TILA but denies that class treatment is appropriate in this action.

32.     Answering Paragraph 32 of the Second Amended Complaint, American Express states that this paragraph contains allegations related to claims that were dismissed by this Court's May 9, 2018 Order and to which no response is required.

33.     Answering Paragraph 33 of the Second Amended Complaint, American Express states that this paragraph contains allegations related to claims that were dismissed by this Court's May 9, 2018 Order and to which no response is required.

34.     Answering Paragraph 34 of the Second Amended Complaint, American Express admits that Plaintiff purports to bring this as a putative class action, excluding from the putative class American Express, any entity in which American Express has a controlling interest, and the officers, directors, affiliates, legal representatives, heirs, successors, subsidiaries or assigns of any such individual or entity, for alleged violations of TILA but denies that class treatment is appropriate in this action.

35.     Answering Paragraph 35 of the Second Amended Complaint, American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

36.     Answering Paragraph 36 of the Second Amended Complaint, American Express denies the allegations contained therein.

37.     Answering Paragraph 37 of the Second Amended Complaint, American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

38.     Answering Paragraph 38 of the Second Amended Complaint, American Express denies the allegations contained therein.

39.     Answering Paragraph 39 of the Second Amended Complaint, American Express denies the allegations contained therein.

40.     Answering Paragraph 40 of the Second Amended Complaint, American Express denies the allegations contained therein.

41.     Answering Paragraph 41 of the Second Amended Complaint, American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

LA 52175160

42.     Answering Paragraph 42 of the Second Amended Complaint, American Express denies the allegations contained therein.

43.     Answering Paragraph 43 of the Second Amended Complaint, American Express denies the allegations contained therein.

44.     Answering Paragraph 44 of the Second Amended Complaint, American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

## VIOLATIONS OF THE TRUTH IN LENDING ACT

45.     Answering Paragraph 45 of the Second Amended Complaint, American Express incorporates its responses to Paragraphs 1 through 44, above, as if fully set forth herein.

46.     Answering Paragraph 46 of the Second Amended Complaint, American Express states that there are no allegations directed at American Express and, therefore, no response is required.  To the extent a response is required, American Express states that TILA, its implementing regulations, and case law interpreting the same speak for themselves and denies any allegations that are inconsistent therewith.

47.     Answering Paragraph 47 of the Second Amended Complaint, American Express states that there are no allegations directed at American Express and, therefore, no response is required.

48.     Answering Paragraph 48 of the Second Amended Complaint, American Express states that there are no allegations directed at American Express and, therefore, no response is required.  To the extent a response is required, American Express states that TILA, its implementing regulations, and case law interpreting the same speak for themselves and denies any allegations that are inconsistent therewith.

## THE LATE PAYMENT WARNING / PENALY RATE DISCLOSURE VIOLATION

49.     Answering Paragraph 49 of the Second Amended Complaint, American Express states that it calls for a legal conclusion to which no response is required.  To the extent a

LA 52175160

response is required, American Express states that 15 U.S.C. § 1637(b) and case law interpreting the same speak for themselves and denies any allegations that are inconsistent therewith.

50.      Answering Paragraph 50 of the Second Amended Complaint, American Express states that there are no allegations directed at American Express and, therefore, no response is required.  To the extent a response is required, American Express states that H.R. Rep. 111-88 (April 27, 2009), S. Rep. 111-16 (May 4, 2009), and case law interpreting the same speak for themselves and denies any allegations that are inconsistent therewith.

51.      Answering Paragraph 51 of the Second Amended Complaint, American Express states that it calls for a legal conclusion to which no response is required.  To the extent a response is required, American Express states that Credit Card Accountability Responsibility and Disclosure Act of 2009, P.L. 111-24, § 202 (May 22, 2009), 15 U.S.C. §1637(b)(12), and case law interpreting the same speak for themselves and denies and allegations that are inconsistent therewith.

52.      Answering Paragraph 52 of the Second Amended Complaint, American Express states that it calls for a legal conclusion to which no response is required.  To the extent a response is required, American Express states that 15 U.S.C. § 1637(b)(12)(B) and case law interpreting the same speak for themselves and denies and allegations that are inconsistent therewith.

53.      Answering Paragraph 53 of the Second Amended Complaint, American Express states that there are no allegations directed at American Express and, therefore, no response is required.  To the extent a response is required, American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

54.      Answering Paragraph 54 of the Second Amended Complaint, American Express states that it calls for a legal conclusion to which no response is required.  To the extent a response is required, American Express states that 12 C.F.R. § 1026.7(b)(11) and case law

interpreting the same speak for themselves and denies and allegations that are inconsistent therewith.

55.     Answering Paragraph 55 of the Second Amended Complaint, American Express states that there are no allegations directed at American Express and, therefore, no response is required.  To the extent a response is required, American Express states that 2 C.F.R. § 1026.7(b)(13), 12 C.F.R. pt. 1026, Supp. I, App. G-18, and case law interpreting the same speak for themselves and denies and allegations that are inconsistent therewith.

56.     Answering Paragraph 56 of the Second Amended Complaint, American Express states that there are no allegations directed at American Express and, therefore, no response is required.  To the extent a response is required, American denies the allegations contained therein.

57.     Answering Paragraph 57 of the Second Amended Complaint, American Express states that there are no allegations directed at American Express and, therefore, no response is required.  To the extent a response is required, American denies the allegations contained therein.

58.     Answering Paragraph 58 of the Second Amended Complaint, American Express states that there are no allegations directed at American Express and, therefore, no response is required.  To the extent a response is required, American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

59.     Answering Paragraph 59 of the Second Amended Complaint, American Express denies the allegations contained therein.

60.     Answering Paragraph 60 of the Second Amended Complaint, American Express states that this paragraph contains a legal conclusion to which no response is required.  American Express further states that TILA, Regulation Z, and case law interpreting the same speak for themselves and denies and allegations that are inconsistent therewith.  To the extent a further response is required, American Express denies the allegations therein.

61.     Answering Paragraph 61 of the Second Amended Complaint, American Express states that billing statements sent by American Express speak for themselves and American Express denies any allegations that are inconsistent therewith.

62.     Answering Paragraph 62 of the Second Amended Complaint, American Express lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

63.     Answering Paragraph 63 of the Second Amended Complaint, American Express denies the allegations contained therein.

64.     Answering Paragraph 64 of the Second Amended Complaint, American Express denies the allegations contained therein.

65.     Answering Paragraph 65 of the Second Amended Complaint, American Express denies the allegations contained therein.

## THE ACCOUNT RENEWAL NOTICE VIOLATION

66.     Answering Paragraph 66 of the Second Amended Complaint, American Express states that this paragraph contains allegations related to claims that were dismissed by this Court's May 9, 2018 Order and to which no response is required.

67.     Answering Paragraph 67 of the Second Amended Complaint, American Express states that this paragraph contains allegations related to claims that were dismissed by this Court's May 9, 2018 Order and to which no response is required.

68.     Answering Paragraph 68 of the Second Amended Complaint, American Express states that this paragraph contains allegations related to claims that were dismissed by this Court's May 9, 2018 Order and to which no response is required.

69.     Answering Paragraph 69 of the Second Amended Complaint, American Express states that this paragraph contains allegations related to claims that were dismissed by this Court's May 9, 2018 Order and to which no response is required.

LA 52175160

70.     Answering Paragraph 70 of the Second Amended Complaint, American Express states that this paragraph contains allegations related to claims that were dismissed by this Court's May 9, 2018 Order and to which no response is required.

## THE MEMBERSHIP FEE DISCLOSURE VIOLATION

71.     Answering Paragraph 71 of the Second Amended Complaint, American Express states that this paragraph contains allegations related to claims that were dismissed by this Court's May 9, 2018 Order and to which no response is required.

72.     Answering Paragraph 72 of the Second Amended Complaint, American Express states that this paragraph contains allegations related to claims that were dismissed by this Court's May 9, 2018 Order and to which no response is required.

73.     Answering Paragraph 73 of the Second Amended Complaint, American Express states that this paragraph contains allegations related to claims that were dismissed by this Court's May 9, 2018 Order and to which no response is required.

74.     Answering Paragraph 74 of the Second Amended Complaint, American Express states that this paragraph contains allegations related to claims that were dismissed by this Court's May 9, 2018 Order and to which no response is required.

## VIOLATION OF STATE CONSUMER PROTECTION LAWS

75.     Answering Paragraph 75 of the Second Amended Complaint, American Express incorporates its responses to Paragraphs 1 through 74, above, as if fully set forth herein.

76.     Answering Paragraph 76 of the Second Amended Complaint, American Express states that this paragraph contains allegations related to claims that were dismissed by this Court's May 9, 2018 Order and to which no response is required.

77.     Answering Paragraph 77 of the Second Amended Complaint, American Express states that this paragraph contains allegations related to claims that were dismissed by this Court's May 9, 2018 Order and to which no response is required.

LA 52175160

78.     Answering Paragraph 78 of the Second Amended Complaint, American Express states that this paragraph contains allegations related to claims that were dismissed by this Court's May 9, 2018 Order and to which no response is required.

79.     Answering Paragraph 79 of the Second Amended Complaint, American Express states that this paragraph contains allegations related to claims that were dismissed by this Court's May 9, 2018 Order and to which no response is required.

80.     Answering Paragraph 80 of the Second Amended Complaint, American Express states that this paragraph contains allegations related to claims that were dismissed by this Court's May 9, 2018 Order and to which no response is required.

81.     Answering Paragraph 81 of the Second Amended Complaint, American Express states that this paragraph contains allegations related to claims that were dismissed by this Court's May 9, 2018 Order and to which no response is required.

82.     Answering Paragraph 82 of the Second Amended Complaint, American Express states that this paragraph contains allegations related to claims that were dismissed by this Court's May 9, 2018 Order and to which no response is required.

## PRAYER FOR RELIEF

83.     Answering subparagraph (1) of Plaintiff's Prayer for Relief, American Express denies that any class should be certified in this action and/or that this action is appropriate for class treatment.

84.     Answering subparagraph (2) of Plaintiff's Prayer for Relief, American Express denies that it violated TILA and denies that Plaintiff, or anyone she purports to represent, is entitled to statutory damages or any relief whatsoever from American Express.

85.     Answering subparagraph (3) of Plaintiff's Prayer for Relief, American Express denies that Plaintiff, or anyone she purports to represent, is entitled to actual damages or any relief whatsoever from American Express.

86.     Answering subparagraph (4) of Plaintiff's Prayer for Relief, American Express states that this paragraph seeks a remedy related to claims that were dismissed by this Court's

LA 52175160

May 9, 2018 Order and, therefore, denies that Plaintiff, or anyone she purports to represent, is entitled to statutory relief and damages or any relief whatsoever from American Express.

87.     Answering subparagraph (5) of Plaintiff's Prayer for Relief, American Express denies that Plaintiff, or anyone she purports to represent, is entitled to attorneys' fees, litigation expenses, costs or any relief whatsoever from American Express.

88.     Answering subparagraph (6) of Plaintiff's Prayer for Relief, American Express denies that Plaintiff, or anyone she purports to represents, is entitled to any relief whatsoever from American Express.

<b><u>AFFIRMATIVE DEFENSES</u></b>

Without assuming the burden of proof where it otherwise lies with Plaintiff, American Express alleges the following affirmative defenses:

<b><u>FIRST AFFIRMATIVE DEFENSE</u></b><br><b>(Statute Of Limitations)</b>

1.     To the extent Plaintiff, or any person she purports to represent, seeks to assert a claim based on any action or inaction prior to April 6, 2016, such claim is barred by the applicable statute of limitations, 15 U.S.C. § 1640(e).

<b><u>SECOND AFFIRMATIVE DEFENSE</u></b><br><b>(Recoupment/Set Off)</b>

2.     American Express is entitled to recoupment to the extent of any amounts owed by Plaintiff, or any person she purports to represent, at the time of any judgment entered in this matter.  Without limiting the foregoing, American Express is entitled to set off any delinquency in Plaintiff's or other putative class members' accounts against any recovery that may be obtained by Plaintiff or other putative class members under 15 U.S.C. § 1640(a).

<b><u>THIRD AFFIRMATIVE DEFENSE</u></b><br><b>(Waiver)</b>

3.     The Second Amended Complaint and each of its purported causes of action are barred by the conduct, actions and inactions of Plaintiff, or any person she purports to represent, which amount to and constitute a waiver of any right or rights that Plaintiff, or any person she

purports to represent, may or might have in relation to the matters alleged in the Second Amended Complaint.  Upon information and belief, Plaintiff was aware of the claims asserted in the Second Amended Complaint but delayed asserting those claims.  Such delay has caused substantial prejudice to American Express in that, without limitation, evidence or testimony supporting American Express's affirmative defenses may no longer be available to American Express to defend against such claims.

## FOURTH AFFIRMATIVE DEFENSE
### (Laches)

4.      Plaintiff, or any person she purports to represent, unreasonably delayed taking action in connection with the claims alleged in the Second Amended Complaint, causing substantial prejudice to American Express, and any claims therefore are barred by the doctrine of laches.  Upon information and belief, Plaintiff was aware of the claims asserted in the Second Amended Complaint but delayed asserting those claims.  Such delay has caused substantial prejudice to American Express in that, without limitation, evidence or testimony supporting American Express's affirmative defenses may no longer be available to American Express to defend against such claims.

## FIFTH AFFIRMATIVE DEFENSE
### (Good Faith Conformity)

5.      All of the acts complained of in the Second Amended Complaint, and each purported cause of action therein, were done or omitted in good faith and in conformity with a rule, regulation or interpretation thereof by the Bureau of Consumer Financial Protection or in conformity with an interpretation or approval by an official or employee of the Bureau duly authorized by the Bureau to issue such interpretations or approvals under such procedures as prescribed therefor.

## SIXTH AFFIRMATIVE DEFENSE
### (Bona Fide Error)

6.      If any violation of law occurred, which is assumed only for the purpose of this affirmative defense, such violation was unintentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## SEVENTH AFFIRMATIVE DEFENSE
### (Correction of Errors)

7.      If any violation of law occurred, which is assumed only for the purpose of this affirmative defense, within sixty days after discovering such error pursuant to a final written examination report or notice or through American Express's own procedures, and prior to the institution of an action or the receipt of written notice of the error, American Express corrected such error.

## EIGHTH AFFIRMATIVE DEFENSE
### (Reservation of Rights)

8.      American Express expressly reserves the right to assert such other and further affirmative defenses as may be appropriate.

WHEREFORE, American Express requests the following relief:

(1)      That the Second Amended Complaint be dismissed with prejudice;

(2)      That Plaintiff take nothing from American Express by virtue of the Second Amended Complaint;

(3)      That the Court award American Express its attorneys' fees, expenses and costs to the full extent permitted by law; and

(4)      For such other and further relief as the Court deems just and proper.

LA 52175160

Dated:  May 22, 2018                    STROOCK & STROOCK & LAVAN LLP


By:    */s/ Raymond A. Garcia*
       Raymond A. Garcia
       180 Maiden Lane
       New York, New York 10038
       Telephone: 212-806-5400
       Fax: 212-806-6006
       Raymond A. Garcia
       Email:  rgarcia@stroock.com

       *Counsel for Defendant American Express
       National Bank f/k/a American Express
       Centurion Bank*