UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TAMAR SINGER, individually and on behalf of all others similarly situated, <br> Plaintiff, <br> - against - <br> AMERICAN EXPRESS CENTURION BANK, <br> Defendant. | No. 7:17-CV-02507 (VB) <br><br> CLASS ACTION |

**Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement**

Plaintiff Taryn Singer (the "Class Representative") requests that the Court enter an Order: (1) preliminarily approving the settlement agreement ("Settlement Agreement") attached as Exhibit 1 to the accompanying Declaration of Brian L. Bromberg, dated November 18, 2019; (2) certifying the settlement class; (3) appointing Brian L. Bromberg of the Bromberg Law Office, P.C., and Harley J. Schnall, of the Law Office of Harley J. Schnall, as class counsel; (4) approving the form and manner of providing notice to the settlement class members as per the Settlement Agreement; (5) directing that notice be provided to settlement class members as per the Settlement Agreement; (6) establishing a procedure for settlement class members to object to the settlement or exclude themselves from the applicable settlement class as per the Settlement Agreement; and (7) scheduling a hearing on final approval of the settlement.

1. Counsel for Plaintiffs have reviewed and analyzed the complex legal and factual issues presented in this action, and the risks and expense involved in pursuing the litigation to conclusion.

2. Based upon this review and analysis, Plaintiff and Defendants embarked upon and concluded comprehensive settlement discussions and executed the Settlement Agreement attached as Exhibit 1 to the Bromberg Declaration.

3. Plaintiff has also considered the factors required to certify a class action under Federal Rule of Civil Procedure 23 and believes that, for settlement purposes only, the following requirements are met:

    a. The settlement class is sufficiently numerous such that joinder is impracticable.

    b. There are questions of law and fact common to the settlement class that predominate over any questions affecting only individual members.

    c. The settlement class representative has claims typical of the settlement class members.

    d. The settlement class representative and her counsel are adequate representatives for the settlement class.

    e. Defendant has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

    f. Settlement of this action on a class basis is the superior and appropriate method for the fair and efficient resolution of this controversy.

4. Counsel for Plaintiff and the proposed class believe that the settlement of this action on the terms and conditions set forth in the Settlement Agreement is fair, reasonable, and adequate, and would be in the best interests of the members of the proposed class.

5. The Parties desire to settle and compromise the litigation on the terms and conditions embodied in the Settlement Agreement.

6. The Parties have agreed that the Settlement Class is defined as follows: "All holders of an American Express credit card issued by American Express Centurion Bank who: (a) between April 6, 2016, and July 28, 2016, received a billing statement from American Express that did not disclose that a late payment could trigger a penalty annual percentage rate on features or balances other than the purchase feature of their account; and (b) timely and properly rejected the arbitration provision in the Cardmember Agreement governing their account."

   WHEREFORE, the Plaintiff respectfully requests that the Court enter an order:

   (1) preliminarily approving the settlement attached as Exhibit 1 to the Bromberg Declaration;

   (2) certifying the settlement class;

   (3) appointing Brian L. Bromberg of the Bromberg Law Office, P.C., and Harley J. Schnall, of the Law Office of Harley J. Schnall, as class counsel;

(4) approving the form and manner of providing notice to the settlement class members as per the Settlement Agreement;

(5) directing that notice be provided to settlement class members as per the Settlement Agreement;

(6) establishing a procedure for settlement class members to object to the settlement or exclude themselves from the applicable settlement class as per the Settlement Agreement; and

(7) scheduling a hearing on final approval of the settlement.

Dated: New York, New York
      November 18, 2019

                              Respectfully Submitted, By:

                              /s/ Brian L. Bromberg
                              Brian L. Bromberg
                              One of Plaintiff's Attorneys

Attorneys for Plaintiff:
Brian L. Bromberg
Bromberg Law Office, P.C.
26 Broadway, 27th Floor
New York, NY 10004
(212) 248-7906

Harley J. Schnall
Law Office of Harley J. Schnall
711 West End Ave
New York NY 10025
(212) 678-6546

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------x
TARYN SINGER,                                )
individually and on behalf of                )
all others similarly situated,               )
                                             )
                    Plaintiff,               )
                                             )    No. 17-CV-2507 (VB)
        - against -                          )
                                             )
AMERICAN EXPRESS                             )
CENTURION BANK,                              )
                                             )
                                             )
                    Defendant.               )
---------------------------------------------------x

## Certificate of Service

I, Brian L. Bromberg, an attorney, hereby certify that on November 19, 2019, the foregoing documents were filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic Service upon the following parties and participants:

Raymond A. Garcia, Esq.

Harley J. Schnall, Esq.


Dated: November 19, 2019

                                                /s/ Brian L. Bromberg
                                                  Brian L. Bromberg