UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
TARYN SINGER, individually and on behalf of all )
others similarly situated, )
 )
        Plaintiff, )
 )
-against- )
 )
AMERICAN EXPRESS CENTURION BANK, )
 )
        Defendant. )
 )
------------------------------------------------------------ x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/26/2020

Case No. 7:17-cv-02507-VB

**FINAL APPROVAL ORDER AND JUDGMENT**

    THIS MATTER came before the Court for final approval of the proposed class settlement (the "Settlement"). The Court has considered all papers filed and proceedings in this matter and is fully informed regarding the facts surrounding the proposed Settlement. Based upon this information, the Court has determined that the proposed Settlement should be approved as fair and reasonable. The Court hereby enters this Final Approval Order and Judgment, which constitutes a final adjudication on the merits of all claims of the Settlement Class described herein. It is therefore ORDERED, ADJUDGED AND DECREED that:

    1.    The definitions and provisions of the Settlement Agreement (the "Settlement Agreement") are hereby incorporated as though fully set forth herein. For purposes of this Order, capitalized terms shall have the meaning ascribed to them in the Settlement Agreement.

    2.    This Court has jurisdiction over the subject matter of the Settlement Agreement with respect to and over all parties to the Settlement Agreement, including all members of the Settlement Class.

3. The Court hereby approves the settlement and finds that the settlement is, in all respects, fair, reasonable and adequate to the Settlement Class Members, within the authority of the parties and the result of extensive arm's length negotiations.

4. Pursuant to Federal Rule of Civil Procedure 23, the Court certifies, for settlement purposes only, the following Settlement Class:

> All holders of an American Express credit card issued by American Express Centurion Bank who: (a) between April 6, 2016 and July 28, 2016, received a billing statement from American Express that did not disclose that a late payment could trigger a penalty annual percentage rate on features or balances other than the purchase feature of their account; and (b) timely and properly rejected the arbitration provision in the Cardmember Agreement governing their account.

This Final Approval Order and Judgment does not constitute an expression by the Court of any opinion, position or determination as to the merit or lack of merit of any of the claims or defenses of the Settlement Class Members, the Class Representative or American Express. Neither this Final Approval Order and Judgment nor the Settlement Agreement is an admission or indication by American Express of the validity of any claims in this action or of any liability or wrongdoing or of any violation of law. This Final Approval Order and Judgment and the Settlement Agreement do not constitute a concession and shall not be used as an admission or indication of any wrongdoing, fault or omission by American Express or any other person in connection with any transaction, event or occurrence, and neither this Final Approval Order and Judgment nor the Settlement Agreement nor any related documents in this proceeding or any reports or accounts thereof shall be offered or received in evidence in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to consummate or enforce this Final Approval Order and Judgment, the Settlement Agreement and all releases given thereunder, or to establish the affirmative defenses of res judicata or collateral estoppel.

5. This Court hereby dismisses this action with prejudice as to all Settlement Class Members except those who have timely and properly excluded themselves from the Settlement Class. Exhibit A, attached hereto, sets forth the names of those individuals who have timely and properly excluded themselves from the Settlement Class. ~~Exhibit B, attached hereto, contains copies of requests for exclusion that the Court determines are not valid~~. *WB*

6. (a) Upon the date that the Judgment becomes Final, plaintiff Taryn Singer ("Plaintiff") shall fully release and forever discharge American Express and ~~it's~~ *its* heirs, executors, *WB* administrators, successors and assigns from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which Plaintiff or her heirs, executors, administrators, successors and assigns ever had, now have or hereafter can, shall or may have against any Released Party for or by reason of any matter, cause or thing whatsoever from the beginning of the world to the date of Final Judgment.

(b) Upon the date that the Judgment becomes Final, each Settlement Class Member (except those who have obtained proper and timely exclusion from the settlement), and their respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest and assigns, will be deemed to have fully released and forever discharged American Express, and its parents, subsidiaries and affiliated companies, including but not limited to American Express Company, American Express Travel Related Services Company, Inc., and American Express Bank FSB, and each of their respective present, former and future direct and indirect parent companies, affiliates, subsidiaries, successors, predecessors-in-interest, servicers and/or any financial institutions, corporations, trusts or other

LA 52281358v2

entities that may hold or have held any interest in any account or any receivables relating to any account, or any receivables or group of receivables, or any interest in the operation or ownership of American Express, and all of the aforementioned's respective officers, directors, employees, agents, attorneys, vendors and assigns, from any and all rights, duties, obligations, claims, actions, causes of action or liabilities, whether arising under local, federal or state law (including without limitation under the Truth in Lending Act, 15 U.S.C. § 1601 et seq., and Regulation Z, 12 C.F.R. pt. 1026), whether by statute, contract, common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, as of the date of the Final Judgment, arising out of or relating in any way to any or all of the acts, omissions, facts, matters, transactions or occurrences that were directly or indirectly alleged, asserted, described, set forth or referred to in the Action.

(c) Without limiting the foregoing, the Released Claims specifically extend to claims that Plaintiff and the members of the Settlement Class do not know or suspect to exist in their favor at the time that the settlement, and the releases contained herein, become effective. This paragraph constitutes a waiver of all state or common-law rules limiting the release of known or unknown claims, including without limitation as to any other applicable law and section 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Plaintiff understands and acknowledges, and each member of the Settlement Class shall be deemed to understand and acknowledge, the significance of the foregoing waivers and/or of any other applicable law relating to limitations on releases. In connection with such waiver, Plaintiff

understands and acknowledges, and each member of the Settlement Class shall be deemed to understand and acknowledge, the significance of the foregoing waivers and/or of any other applicable law relating to limitations on releases. In connection with such waiver and relinquishment, Plaintiff acknowledges, and each member of the Settlement Class shall be deemed to acknowledge, that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they now know or believe to be true with respect to the subject matter of this settlement, but that it is their intention to release fully, finally, and forever all Released Claims, and in furtherance of such intention, the release of the Released Claims shall be and remain in effect notwithstanding the discovery or existence of any such additional or different facts. Notwithstanding anything contained herein to the contrary, nothing in this agreement shall be construed, interpreted or read to (i) impair any prior class settlement approved by any state or federal court that regulates the conduct of American Express or to relieve American Express from any obligations imposed by any such settlement or (ii) release individual claims or counterclaims of the Settlement Class Members in an individual action that is pending as of the date of Preliminary Approval, unless Mail Notice is sent to the Settlement Class Member or his or her attorney in accordance with this Agreement. The parties and their counsel warrant and represent that, to the best of their knowledge, as of the date of this Agreement, they do not know of any pending class actions against American Express concerning the disclosure issues raised in the Action.

7. The Court finds that the program of Class Notice set forth in the Settlement Agreement and preliminarily approved by the Court was the best practicable notice under the circumstances. The Class Notice provided due and adequate notice of these proceedings and of the matters set forth therein, including the Settlement Agreement, to all parties entitled to such

LA 52281358v2

notice and satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of constitutional due process.

8. Without affecting the finality of this Final Approval Order and Judgment in any way, the Court retains continuing jurisdiction over: (a) implementation of the Settlement Agreement and distribution of the settlement payments contemplated by the Settlement Agreement, until all acts agreed to be performed pursuant to the Settlement Agreement have been performed; and (b) all parties to this action and members of the Settlement Class for the purpose of enforcing and administering the Settlement Agreement.

9. The Court hereby awards to Class Counsel fees and costs of $100,000.00. VB

10. The Court hereby awards $7,500.00 to Plaintiff as an incentive fee in compensation for the time, effort and risk she undertook as a representative of the Settlement Class and in the settlement and release of any individual claims she may have as set forth in the Settlement Agreement. VB

11. American Express shall pay the awards to Class Counsel and the Class Representative, as well as amounts due to Settlement Class Members, as prescribed by the Settlement Agreement.

DONE this 26 day of May, 2020.

_____
The Honorable Vincent L. Briccetti
United States District Judge

The Clerk is instructed to terminate the motion (Doc. #82) and close this case.

- 6 -

LA 52281358v2

# EXHIBIT A

## Exhibit A – List of Opt-Outs Submitted to ALCS

(1) MARK WARSAW

(2) BARTLEY SCHNEIDER

(3) CARL NELSON

(4) SUSAN LEHNER

(5) MARCY ZEVON

(6) DEBBIE RAYMOND